UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case number 06-13776

v.

                              Honorable Julian Abele Cook, Jr.

PHILIP G. MORAWSKI,

        Defendant.

ORDER

On August 25, 2006, the Plaintiff, the United States of America ("the Government") filed a lawsuit against the Defendant, Philip G. Morawski, alleging that he was in default on his mortgage and security commitment to the Government in the amount of $524,527.66.

Before the Court are several motions; to wit, (1) a motion to dismiss the complaint by Morawski, who appears *in pro se* in this legal action; (2) a petition by the Government which, if granted, would preclude him from filing future pleadings without leave of the Court; and (3) a formal request by the Government to strike the filing of certain pleadings by Morawski.

I.

In his third motion to dismiss,[1] Morawski asks the Court to dismiss the Government's complaint because it contained two paragraphs which bore the numbers "4." The Government, while acknowledging that the numbering of the paragraphs within its complaint was incorrect,

---

[1] On October 24, 2006 and March 6, 2007, Morawski filed motions to dismiss, both of which were denied by the Court on May 16, 2007.

insists that it was merely a clerical error. The Court accepts the Government's declaration as being a reasonable response to Morawski's motion and, in so doing, determines that a clerical error is not a ground for dismissal. Moreover, there is no evidence that Morawski suffered any prejudice from this clerical error. Hence, his motion to dismiss must be rejected.

II.

Turning to the Government's motion, it seeks to preclude Morawski from filing any future pleadings without first obtaining prior approval by the Court. In support of its request, the Government points out that Morawski has submitted "more than a dozen filings . . . that are procedurally incorrect and raise the same frivolous claims and arguments." Pl.'s Mot. to Preclude Def., p. 1. Moreover, the Government contends that his excessive pleadings have "needlessly consume[d] judicial resources." *Id*.

An order which precludes a litigant from filing pleadings without prior judicial authority is a sanction that courts can use, and have used, to address repeated filings of frivolous pleadings. The Sixth Circuit Court of Appeals has endorsed those orders which enjoin prolific frivolous filers. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987). However, it is imperative that the district courts take care not to impose unreasonable restrictions which would preclude a potential litigant from all access to the judicial process. *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986). Such a proposed sanction generally requires a prior warning. *Mendoza v. Lynaugh*, 989 F. 2d 191, 195 (5th Cir. 1993).

Although the Court recognizes that Morawski's pleadings are numerous, unintelligible and often contrary to the Federal Rules of Civil Procedure, it also recognizes that he is representing himself in this case without the benefit of an attorney. Therefore, and after giving to this *pro se* litigant a reasonable extension of latitude in his pleadings, the Court concludes that the

Government's motion to preclude Morawski from filing future pleadings must be, and is, denied. However and as a post script, he is specifically admonished that the continued filing of unintelligible pleadings and motions may result in the imposition of such sanctions by the Court as may be appropriate, necessary and authorized by the laws which govern this proceeding.

III.

Finally, the Government has also asked the Court to strike several recent pleadings by Morawski, believing them to be have been filed without any legitimate basis under law. An examination of the record reveals that Morawski filed several documents on April 9, 2007, including a "Notice of Filing Counterclaim with Amendment and Brief in Support," as well as a "Notice of Amendment to Counterclaim." Ten days later, he filed a "Notice of Civil Complaint Gross Illegal Discrimination and Breach of Duty Amendment to Counterclaim." Thereafter on May 3rd, Morawski filed the "Motion to Dismiss Due to Improper Pleading" which was discussed in the previous paragraph. During the following week, he submitted a document entitled "Notice of Discrimination with Exhibits." Less than a week later (May 16th), he filed a document, entitled "Brief in Support of Counterclaim." It is these documents that the Government seeks to have stricken from the record. In its motions, the Government asserts that these pleadings are patently frivolous, purposefully designed to cause a delay in this litigation, and fail to comply with the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure govern this type of a motion, and give authority to the Court to strike any pleadings which it finds to be "redundant, immaterial, [or] impertinent. . . ." Fed. R. Civ. P. 12(f). The Court finds that Morawski's pleadings - especially when viewed collectively - are unduly expansive without justification. As an example, one of his documents, "Notice of Discrimination with Exhibits," is one hundred and eighty-six pages in length. Another

document, "Brief in Support of Counterclaim,"consists of one hundred and two pages. In addition, Morawski's pleadings are unintelligible, which, quite obviously, makes it extremely difficult for the Court to understand and evaluate his positions on any of the issues in controversy. With the exception of Morawski's motion to dismiss, it is virtually impossible to discern what, if any, legal arguments are being presented to the Court by him. Therefore, the Court determines that the Government's motion to strike those pleadings (registered as docket numbers 24, 25, 26, 28 and 33) must be granted.[2]

IV.

Accordingly, and for the reasons set forth above, the Court concludes that (1) Morawski's motion to dismiss must be denied; (2) the Government's motion to preclude Morawski from submitting further filings without authority of the Court must be denied; (3) the Government's motions to strike designated pleadings by Morawski (i.e., docket numbers 24, 25, 26, 28 and 33) must be granted, and (4) the Government's motion to strike Morawski's motion to dismiss (i.e., docket number 27), must be denied.

IT IS SO ORDERED.

Dated: June 7, 2007        s/ Julian Abele Cook, Jr.
Detroit, Michigan        JULIAN ABELE COOK, JR.
United States District Court Judge

Certificate of Service

I hereby certify that on June 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford
Courtroom Deputy Clerk

---

[2]Docket Number 27, the motion to dismiss discussed above, will not be stricken as it is not unintelligible. As stated previously, this motion is denied.