UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Case No. 06-13776

PHILIP G. MORAWSKI,                        Honorable Julian Abele Cook, Jr.

        Defendant.


<u>ORDER</u>

On August 12, 2008, this Court entered a judgment against the *pro se* Defendant, Philip G. Morawski, which, among other things, authorized the United States of America ("Government") to initiate proceedings that would satisfy an existing indebtedness on three promissory notes through a public sale of his personal and real property interests. The procedural history in this case has been distinguished by the many extremely lengthy and virtually incomprehensible post-judgment pleadings that have been filed by Morawski, all of which have prompted the Government to submit motions "to strike" and "for leave to file a response" to his pleadings.

As the official record in this cause clearly indicates, Morawski has filed several post-judgment pleadings, including (1) a request for a hearing on "motions for relief, new trial and objection to order" (Docket No. 185); (2) a motion for an order to stay all proceedings (Docket No. 196); (3) a motion for relief from an order and judgment on summary judgment pursuant to Rule 60(b)(3)  (Docket No. 205); (4) a motion for reconsideration (Docket No. 206); (5) a "Motion for

1

Relief from order and judgment on Summary Judgment pursuant to rule 60 [*sic*]" (Docket No. 207); (6) a motion for the disqualification of Judge Cook  (Docket No. 209); and (7) a motion to stay pending appeal and resolution of defendant-appellant motions and objection (Docket No. 213).

Although the Government has not filed a response to any of these motions by Morawski, the Court will address and resolve them seriatim.

### I.

On February 12, 2009, Morawski filed a request for a hearing on "motions for relief, new trial and objection to order."  On March 6th, he also filed a document that was entitled as a "motion for Order for stay on all proceedings, pending complete and comprehensive investigation by the US Attorney General and FBI into the title [sic]18 violations by FSA and other agencies itemized in the defendants 2/22/2008 filing with the US Attorney General."  Parenthetically, it should noted with emphasis that on October 17, 2007, Morawski had been directed to submit all of his proposed pleadings to the Court prior to filing them with the Clerk of the Court as a measure to reduce or eliminate his lengthy unrelated and incomprehensible pleadings.  Inasmuch as it appears from an examination of the official record in this cause that he failed, refused and/or neglected to comply with this directive, the Court will strike these filings *sua sponte* without devoting its attention to the merits, if any, of his 2009 requests of February 12th (Docket Number 185) and March 6th (Docket Number 196) for relief.  Therefore, the Clerk of the Court is directed to strike these two pleadings from the official record.

### II.

On January 5, 2009, the Government filed a motion to strike Morawski's motion to stay this case pending an appeal to the Sixth Circuit Court of Appeals (filed on December 17, 2008).

Sixteen days later, the Government filed an *ex parte* application for leave to file a response to Morawski's motion for relief from judgment that had been filed by him on August 21, 2008. However, the Court, acting with recognition that Morawski had failed, refused and/or neglected once again to abide with its directive of October 17, 2007, entered an order on February 18, 2009 which instructed the Clerk of the Court to strike these motions from the docket. Inasmuch as these filings by Morawski are no longer a part of the official record, these Government's two applications are denied for reasons of mootness.

## II.

In the third of the above-referenced filings by Morawski, he seeks "relief from Judgment Pursuant [*sic*] to Rule 60(b) due to (1) mistake (3) Fraud and (4) [*sic*]." In support of this request, and from what can be discerned from his largely incomprehensible pleading, Morawski argues that (1) the Court made a mistake when it "lumped all issues together," (2) the Government has engaged in a "long chain of fraud" against him, (3) the judgment is void because it was issued after the fraud allegations were made by him, and (4) there was some error with proof of service.

Fed. R. Civ. P. 60(b) provides, in pertinent part, that

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . (4) the judgment is void[.]

Although Morawski correctly identified one of the Federal Rules of Civil Procedure, he has stopped short of proffering any arguments that would advance his request for relief or demonstrating the applicability of this rule of civil procedure to the issues in this case. Allegations of fraud, without more, are insufficient to justify the relief that he presumably seeks to obtain in this

case. Therefore, the Court must deny his motion for relief from the judgment.

III.

In support of his request for reconsideration, Morawski claims that (1) some of the interrogatories that were served upon the Government by him have not been answered, and (2) the Government has engaged in some form of undefined fraudulent conduct. According to E.D. Mich. LR 7.1(g)(1), "[a] motion for . . . reconsideration must be filed within 10 days after entry of the judgment or order." This Local Rule authorizes a court to grant a motion for reconsideration if the moving party has "demonstrate[d] a palpable defect by which the court and the parties have been misled but [has] also show[n] that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3).

Here, Morawski's motion must be denied for procedural and substantive reasons. First, the Court received Morawski's proposed filing for judicial approval on March 24, 2009 - nearly seven months after the entry of the now-challenged judgment of August 12, 2008. With recognition that Morawski's request for reconsideration is untimely, the Court will reject this motion for the reason stated.

Substantively, Morawski has presented the Court with essentially the same arguments and assertions that he proffered in response to the Government's motion for summary judgment. The Court, when ruling upon the Government's request and after considering Morawski's allegations, concluded that there were no genuine issues of a material fact to be resolved. Hence, inasmuch as Morawski has failed to proffer any "palpable defect," as required by the Local Rules, his motion is also substantively deficient and must be denied.

4

IV.

Morawski has also filed a "Motion for Relief from order and judgment on Summary Judgment pursuant to rule 60." However, this request appears to be similar, if not identical, to an earlier motion (Docket No. 205) wherein he had sought relief under Fed. R. Civ. P. 60. As such, this is a repetitive motion and, for the same reasons that have been stated above, his request is denied.

V.

On April 17, 2009, Morawski filed a "Request for disqualification of Judge Julian Cook due to partiality towards [sic] the plaintiff and bias toward the defendant, and due to Due Process clause of U.S. Constitution [*sic*]."

Title 28, United States Code, Section 144 provides, in pertinent part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.

Contrary to Morawski's apparent belief, his affidavit does not contain sufficient grounds upon which to warrant disqualification. Morawski apparently believes that the entry of an adverse decision against him is a sufficient basis upon which to conclude that the Court, in rendering a judgment against him, had impliedly demonstrated a personal bias and prejudice against him. However, the legal reasoning and the ultimate conclusion (i.e., there were no genuine issues of a material fact), as outlined in the order of August 12, 2008, belie this contention.

5

He also asserts that the Court is biased against him because it conducted a show cause hearing and subsequently sanctioned him. In making this argument, Morawski has conveniently ignored the obvious; namely, that this hearing was convened and a sanction was imposed upon him as the result of his numerous and intentional violations of the October 17, 2007 order by the Court.

Finally, he contends that the Court purposefully delayed its resolution of his post-judgment motions. However, as explained above, these post-judgment motions were stricken from the official record in this matter because of his repeated contravention of a direct order of the Court. As such, Morawski's motion for disqualification is denied.

VI.

Morawski also filed a motion for stay pending an appeal. His request does not identify the proceedings that he seeks to have stayed. Rather, he asks the Court to stay proceedings "pending resolution of [his] objection to order, motion for reconsideration, motion for relief from judgment and Motion [*sic*] for new trial." Thus, it appears that he is asking for a stay of the appellate proceedings pending the resolution of his post-judgment motions. However, the Court does not have the authority to issue a stay of any appellate proceedings. Therefore, Morawski's request must be denied.

However, if Morawski is seeking to obtain a stay of execution of the judgment on August 12, 2008, this request must also be denied. Fed. R. Civ. P. 62(b), which governs stays of this nature, provides the following:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment — or any proceedings to enforce it — pending disposition of any of the following motions:
>
> (1) under Rule 50, for judgment as a matter of law;
> (2) under Rule 52(b), to amend the findings or for additional findings;

6

   (3) under Rule 59, for a new trial or to alter or amend a judgment; or

   (4) under Rule 60, for relief from a judgment or order

However, even if Morawski's pleading could be logically construed as a request for a stay of execution of the judgment, it must be denied. First, he has failed to provide any form of security, as required by the above-referenced rule of procedure. Moreover, inasmuch as this Court is currently addressing all of Morawski's motions that could, arguably, be construed as having been filed under the rules which were referenced within Rule 62(b) (e.g., motion for relief from judgment under Rule 60), his request is now moot. Accordingly, Morawski's motion for a stay of proceedings is denied.

VII.

   For the reasons that have been stated above, the Court (1) denies the Government's motion to strike (Docket No. 178); (2) denies the Government's *ex parte* motion for leave to file a response (Docket No. 182); (3) directs the Clerk of the Court to strike Docket Nos. 185 and 196 from the record; (4) denies Morawski's motion for relief from the judgment (Docket No. 205); (5) denies his request for reconsideration (Docket No. 206); (5) denies Morawski's motion for relief from order and judgment (Docket No. 207); (6) denies Morawski's motion for disqualification (Docket No. 209); and (7) denies Morawski's motion to stay pending appeal (Docket No. 213).

   IT IS SO ORDERED.

Dated: May 12, 2009       s/Julian Abele Cook, Jr.
    Detroit, Michigan        JULIAN ABELE COOK, JR.
                United States District Court Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 12, 2009.


<u>s/ Kay Doaks</u>
Case Manager